Sanford v. United States

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

_____

August Term, 2016

(Submitted: October 11, 2016     Decided: November 9, 2016)

Docket No. 16-1840

_____

ELIJAH SANFORD,

*Petitioner*,

-- v. --

UNITED STATES OF AMERICA,

*Respondent*.

_____

Before:

KATZMANN, *Chief Judge*, WESLEY, and HALL, *Circuit Judges*.

_____

Elijah Sanford moves for leave to file a successive 28 U.S.C. § 2255 motion

challenging his 2007 sentence for Hobbs Act robbery. Because we conclude that

the waiver of collateral attack rights found in his plea agreement is enforceable and bars this proceeding, we DISMISS his motion.

_____

BARRY D. LEIWANT, Edward Scott Zas, Federal Defenders of New York, Inc., New York, New York, *for Petitioner.*

MATTHEW S. AMATRUDA, Jo Ann M. Navickas, United States Attorney's Office for the Eastern District of New York, Brooklyn, New York, *for Respondent.*

_____

PER CURIAM:

Elijah Sanford pleaded guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951. In his plea agreement, Sanford agreed "not to file an appeal or otherwise challenge the conviction or sentence in the event that the Court impose[d] a term of imprisonment of 210 months or below." The district court accepted Sanford's plea, and sentenced him to, inter alia, 151 months' imprisonment. Sanford did not file a direct appeal.

Sanford later filed a pro se challenge to his conviction and sentence, under 28 U.S.C. § 2255, arguing that the district court had lacked jurisdiction over his case and that his lawyers had provided ineffective assistance during the criminal proceedings. The district court denied the motion, finding that both arguments

2

were meritless and that the latter claim was barred by Sanford's waiver of his right to challenge collaterally his conviction or sentence. This Court thereafter denied Sanford a certificate appealability. The adjudication of Sanford's first § 2255 motion became final in 2010.

Sanford now moves, through counsel, for leave to file a successive § 2255 motion, arguing that his sentence has been rendered unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Specifically, he states that his sentence was based, in part, on the so-called residual clause of United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2(a)(2), and argues that the residual clause is unconstitutionally vague under the principles discussed in *Johnson*. This Court stayed decision on Sanford's motion pending further briefing and supplementation of the record under *Galtieri v. United States*, 128 F.3d 33 (2d Cir. 1997).

In opposition to Sanford's motion, the Government argues that the collateral attack waiver in Sanford's plea agreement bars the present proceedings.[1] We agree.

---

[1] In lieu of a reply, Sanford has moved for a stay of the present proceeding pending the outcome of *Beckles v. United States*, 136 S. Ct. 2510 (2016) (order granting writ of certiorari), in which the Supreme Court granted certiorari to decide, inter alia, whether *Johnson* applies retroactively to § 4B1.2(a)(2) on

This Court must deny leave to file a successive § 2255 claim unless, in relevant part, it "contain[s]" "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). We may authorize the filing of a successive § 2255 motion only if the movant has made a prima facie showing that the proposed motion satisfies the successive criteria. 28 U.S.C. § 2244(b)(3)(C); *see Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) (stating that the prima facie standard applies to § 2255(h) motions). We have previously granted many motions for leave to file § 2255 motions presenting *Johnson*-based challenges to the residual clause of § 4B1.2(a)(2). *See, e.g.*, *Blow v. United States*, 829 F.3d 170 (2d Cir. 2016). Here, we do not reach the merits of Sanford's motion because it is barred by the collateral attack waiver in his plea agreement.

A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable. *See United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000) (addressing waiver of appellate rights); *Tellado v. United States*, 745 F.3d 48 (2d Cir. 2014) (addressing collateral attack waiver). While "plea agreements are to be applied 'narrowly' and

collateral review. By separate order, we deny Sanford's request for a stay, and terminate the stay previously entered in this case.

construed 'strictly against the government,'" *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (quoting *United States v. Tang*, 214 F.3d 365, 368 (2d Cir. 2000)), "exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence," *Gomez-Perez*, 215 F.3d at 319. For instance,

> [i]n some cases, a defendant may have a valid claim that the waiver of appellate rights is unenforceable, such as [(1)] when the waiver was not made knowingly, voluntarily, and competently, [(2)] when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, [(3)] when the government breached the plea agreement, or [(4)] when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amount[ing] to an abdication of judicial responsibility subject to mandamus.

*Id.*

Even assuming, however, that Sanford was sentenced under a Guidelines provision that is unconstitutional after *Johnson*, this Court has held that "a defendant's 'inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" *United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008) (quoting *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005)).

This Court has "upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." *Gomez-Perez*, 215 F.3d at 319 (citing *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995) (enforcing appeal waiver despite allegation that the sentence was imposed in an illegal fashion)).

Although the Court has not addressed the issue in a published decision, this Court has recently denied, based on collateral attack waivers in the movants' plea agreements, several motions for leave to file successive § 2255 motions raising *Johnson* claims. *See, e.g.*, *Riggins v. United States*, 2d Cir. 16-1157, doc. 43; *Parson v. United States*, 2d Cir. 16-1401, doc. 42; *Benjamin v. United States*, 2d Cir. 16-1511, doc. 31. The Court also has enforced appeal waivers in recent direct appeals, despite the presence of similar *Johnson* claims. *See United States v. Blackwell*, 651 F. App'x 8, 9-10 (2d Cir. June 1, 2016) (Summary Order) (concluding that defendant's argument that his Guidelines range was erroneously calculated because, under *Johnson*, his state robbery convictions were no longer "crimes of violence," was foreclosed by the appeal waiver in his plea agreement); *United States v. Cook (Wilson)*, 2d Cir. 14-4704 (L), doc. 142

(04/12/2016 Order) (granting Government's motion to dismiss appeal based on appeal waiver despite appellant making a *Johnson* claim).

The record in this case shows that the waiver is enforceable. Sanford agreed in his plea agreement "not to file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 210 months or below." The Court imposed 148 months' imprisonment, thus triggering the waiver. Additionally, the waiver was knowing and voluntary: during the plea hearing, the district court confirmed that Sanford had signed the plea agreement and discussed it with his lawyer, that he was competent to plead guilty, and that he had no questions about his plea. The district court also reviewed the terms of Sanford's appeal waiver, although it did not specifically mention that Sanford had waived the right to "otherwise challenge" the conviction or sentence (i.e., collaterally attack them). Given Sanford's sworn statement that he had talked with his lawyer about the plea agreement and signed it, and there being no evidence indicating that Sanford was coerced or misunderstood any of the relevant facts, we conclude that he knowingly and voluntarily agreed to the collateral attack waiver.

Sanford's collateral attack waiver therefore bars the present motion because the waiver encompasses any challenge to his sentence.  Accordingly, the motion for leave to file a successive § 2255 motion is DISMISSED.