16-1484 (L)
Rodgers v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand eighteen.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
Circuit Judges.

- - - - - - - - - - - - - - - - - -X
ORANGE RODGERS,
Petitioner-Appellant,

-v.-                                        16-1484, 16-2277

UNITED STATES OF AMERICA,
Respondent-Appellee.

- - - - - - - - - - - - - - - - - -X

1

FOR APPELLANT:                              Jane S. Meyers, Law Office of Jane S.
                                            Meyers, Brooklyn, NY.


FOR APPELLEE:                               Steven D. Clymer (Ransom P.
                                            Reynolds, on the brief), Assistant
                                            United States Attorneys, for Grant C.
                                            Jaquith, Acting United States
                                            Attorney for the Northern District of
                                            Syracuse, New York, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Petitioner-appellant Orange Rodgers appeals from an April 19, 2016 judgment, and a June 15, 2016 order, of the United States District Court for the Northern District of New York denying his motion under 28 U.S.C. § 2255 to vacate his sentence, imposed in accordance with a binding plea agreement, for possession by a convicted felon of a firearm that had been shipped and transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1). Rodgers argues on appeal that the district court erred in denying his motion because: (1) he did not waive his right to bring a § 2255 motion since the district court failed, in violation of Fed. R. Crim. P. 11(b)(1)(N), to state in the plea colloquy that the sentence could not be collaterally attacked, and (2) the required predicate offenses for enhanced sentencing under the Armed Criminal Career Act are now lacking by virtue of Johnson v. United States, 135 S. Ct. 2551 (2015). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.     Rodgers' plea agreement waived any collateral attack on his sentence. He argues that the waiver should not be enforced because, at the colloquy in his change of plea hearing, the court stated that Rodgers was waiving

2

his right to appeal his sentence without stating that he was also waiving his right to bring a challenge under 28 U.S.C. § 2255. According to Rodgers, the district court's violation of Fed. R. Crim. P. 11(b)(1)(N) means that his guilty plea was not knowing; rather, he thought he retained his right to collaterally challenge his sentence.

Fed. R. Crim. P. 11 is "designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." United States v. Maher, 108 F.3d 1513, 1520 (2d Cir. 1997). "[T]his Circuit has adopted a standard of strict adherence to Rule 11," so "we examine critically even slight procedural deficiencies to ensure that the defendant's guilty plea was a voluntary and intelligent choice, and that none of the defendant's substantial rights has been compromised." United States v. Livorsi, 180 F.3d 76, 78 (2d Cir. 1999) (internal citations, alterations, and quotation marks omitted). However, unless there is an objection to a flaw in the plea colloquy, "strict adherence" to Rule 11 is subject to plain error review, which "does not frequently require vacatur of a plea." United States v. Pattee, 820 F.3d 496, 503 (2d Cir. 2016) (internal quotation marks omitted), cert. denied, 137 S. Ct. 222 (2016); see also id. at 505 (stating that plain error review requires a defendant to demonstrate (1) error, (2) that was plain, (3) that "prejudicially affected his substantial rights, and (4) "seriously affected the fairness, integrity or public reputation of judicial proceedings." (internal quotation marks omitted)).

Rodgers' substantial rights were not affected. First, the written plea agreement, which Rodgers read and signed knowingly and voluntarily, with the assistance of his counsel, contains an express waiver of collateral attack. Second, Rodgers averred at the change of plea hearing that he had sufficient time to discuss the case with his counsel, was satisfied with his representation, had no questions about the proceedings, and entered the plea agreement knowingly and voluntarily. The district court then determined that Rodgers understood that he was waiving his right to appeal his sentence, and asked him if he "underst[ood] that you may not appeal your sentence if I sentence you to 120 months or less," to which Rodgers responded, "[y]es, your Honor." Joint App'x at 40.

3

Based on these facts, the failure to orally note the collateral attack bar in his plea agreement at the change of plea hearing is not clear error, and does not invalidate that bar.  See Sanford v. United States, 841 F.3d 578, 581 (2d Cir. 2016) (although the district court "did not specifically mention that [the defendant] had waived the right to 'otherwise challenge' the conviction or sentence (i.e., collaterally attack them)[,] [g]iven [the defedant's] sworn statement that he had talked with his lawyer about the plea agreement and signed it, and there being no evidence indicating that [the defendant] was coerced or misunderstood any of the relevant facts, we conclude that he knowingly and voluntarily agreed to the collateral attack waiver."); Tellado v. United States, 745 F.3d 48, 54 (2d Cir. 2014) ("We conclude, therefore, that the district court's omission of the phrase 'collateral attack' in *its own* explanation of the rights [the defendant] was relinquishing does not, under these facts, constitute plain error." (emphasis in original)).

**2.**     At the time of sentencing, Rodgers had three prior violent felony convictions, which made him subject to a 15-year minimum sentence as an Armed Career Criminal, 18 U.S.C. § 924(e).   Rodgers argues that, under Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated the "residual clause" of the Armed Career Criminal Act's definition of "violent felony" as void for vagueness, his prior conviction for Attempt to Commit Robbery in the Second Degree, N.Y. Penal Law § 160.10, is no longer a violent felony for the purposes of the Armed Career Criminal Act.   Rodgers sought resentencing on the ground that the two remaining prior violent felonies would not subject him to the 15-year mandatory minimum if he were sentenced today.   Since, Rodgers continues, he entered into his plea agreement only to escape the then-applicable 15-year mandatory minimum (which would no longer apply to him) the Court should find that his acceptance of a plea agreement does not preclude resentencing.

The government argues that Attempt to Commit Robbery in the Second Degree, N.Y. Penal Law § 160.10, remains a violent felony notwithstanding Johnson.   But we need not reach this issue.   Rodgers' motion under 28 U.S.C. § 2255 is barred by his plea waiver.   "While plea agreements are to be applied narrowly and construed strictly against the government, exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed

area of our jurisprudence."   <u>Sanford</u>, 841 F.3d at 580 (internal citations and quotation marks omitted). "Even assuming, however, that [a defendant] was sentenced under a Guidelines provision that is unconstitutional after <u>Johnson</u>, this Court has held that a defendant's inability to foresee a change in the law does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements."   <u>Id.</u>, 841 F.3d at 580 (internal citations, alteration, and quotation marks omitted); <u>see also</u> <u>United States v. Lee</u>, 523 F.3d 104, 107 (2d Cir. 2008); <u>United States v. Morgan</u>, 406 F.3d 135, 137 (2d Cir. 2005).   We have "upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement."   <u>Sanford</u>, 841 F.3d at 580 (internal citation and quotation marks omitted).

Accordingly, the sentence of the district court is hereby **AFFIRMED**.


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK