17-1644-cr (L)
*United States v. Avery*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand nineteen.**

PRESENT:
　　　　ROBERT A. KATZMANN,
　　　　　　*Chief Judge*,
　　　　GUIDO CALABRESI,
　　　　RAYMOND J. LOHIER, JR.,
　　　　　　*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

　　　　　　*Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　　Nos. 17-1644-cr; 18-724-cr

DORIAN AVERY,

　　　　　　*Defendant-Appellant*,

MOSHE MIRILISHVILI, DAMON LEONARD,
JOMARIS JAVIER, RAY WILLIAMS, AKA OBAMA,
TASHEEN DAVIS, AKA HOLLYWOOD, GANEENE
GOODE, AKA BIG GINA, THOMAS WHITE, AKA BLACK,
CAROLYN MIDDLETON, JOSEPH GRAY, AKA DOGS,
KEVIN FRYE, AKA PRETTY KEV,

　　　　　　*Defendants*.

_____

1

For Defendant-Appellant:                    Matthew Brissenden, Matthew W. Brissenden, P.C., Garden City, NY.

For Appellee:                                      Edward B. Diskant, Sarah K. Eddy, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered May 10, 2017 is **AFFIRMED** and the judgment of the district court entered August 3, 2016 is **VACATED**.

Dorian Avery appeals from a judgment entered May 10, 2017, convicting him, following a plea of guilty, of one count of conspiracy to distribute, and possess with intent to distribute, oxycodone (the "21 U.S.C. § 846 conviction"), and a judgment entered August 3, 2016, convicting him of violating his supervised release in a prior case (the "Violation of Supervised Release"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Avery's 21 U.S.C. § 846 Conviction

Avery argues that the appeal waiver in a plea agreement he signed in connection with his 21 U.S.C. § 846 conviction is unenforceable due to subsequent changes in the law and the U.S.

Sentencing Guidelines.[1] But even if Avery were correct about these changes (which he is not),[2] they do not invalidate Avery's waiver. *See Sanford v. United States*, 841 F.3d 578, 580 (2d. Cir. 2016) (holding that a change in the law does not supply a basis to invalidate a defendant's appeal waiver); *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005) ("[T]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements."). Avery acknowledged at both his sentencing and resentencing hearings that he waived his right to appeal the district court's sentence because the sentence was less than 188 months' imprisonment. Avery does not argue that he did not waive his right to appeal knowingly and voluntarily; nor does he argue that his sentence was imposed based on constitutionally impermissible factors, that the Government breached the plea agreement, or that the district court failed to enunciate a rationale for his sentence. *See United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). Accordingly, we must enforce Avery's appeal waiver. *See United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) ("In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.").

## II. Avery's Violation of Supervised Release

Avery also argues that we should vacate the August 3, 2016 judgment because, as the Government concedes, the district court erred by placing Avery in an excessively high criminal history category. The Government contests only Avery's contention that the district court's error

---

[1] Specifically, Avery argues that his present arguments on appeal were "foreclosed and unanticipated" at the time he signed the agreement. Appellant's Pro Se Supp. Br. at 2.

[2] This Court's recent decision in *United States v. Pereira-Gomez*, 903 F.3d 155, 166 (2d Cir. 2018) defeats Avery's claim that robbery in violation of N.Y. Penal Law § 160.15(2) no longer qualifies as a crime of violence under the U.S. Sentencing Guidelines.

"affected [his] substantial rights." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). According to the Government, the record shows that the district court thought its sentence was appropriate irrespective of the Guidelines range, because it commented during the proceeding that "the sentence that I'm going to impose upon you is 12 months, which gets to 120 months, which is the sentence I was originally going to impose upon you for the underlying crime before I remembered we had the supervised release proceeding to do as well." App. 150.[3]

We cannot be sure, however, that the "record," taken as a whole, "show[s] . . . that the district court thought the sentence it chose was appropriate *irrespective* of the Guidelines range." *Molina-Martinez*, 136 S. Ct. at 1346 (emphasis added). For example, the district court informed Avery that a 108-month sentence for his § 846 conviction was "commensurate with the sentences that I have given to the other people who have been involved in the same way that you have been involved in this case" and further told Avery that he would receive "a *separate* sentence for [his] violation of supervised release." App. 132 (emphasis added). These statements suggest that the district court may have considered other factors when sentencing Avery for his violation of supervised release besides the arithmetic fact that 108 plus 12 equals 120. *Cf United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012) ("[T]he plain error doctrine should not be applied stringently in the sentencing context, where the cost of correcting an unpreserved error is not as great as in the trial context.") (citation omitted).

---

[3] The Government also notes that Avery's 12-month sentence falls at the bottom end of Avery's correct Guidelines range of 12 to 18 months' imprisonment. Guidelines errors, however, generally require vacatur even where the sentence was within the correct Guidelines range. *See Molina Martinez*, 136 S. Ct. at 1345 ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.").

Accordingly, the judgment of the district court entered on May 10, 2017 is **AFFIRMED** and the judgment of the district court entered on August 3, 2016 is **VACATED** and the case is **REMANDED** for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk