19-2697-cr
United States v. Machia

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand twenty.

PRESENT:  RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
STEVEN J. MENASHI,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No. 19-2697

ARIEL MACHIA,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:	DANIEL S. NOOTER,
Washington, DC.

FOR APPELLEE:	MICHAEL D. GADARIAN,
Assistant United States
Attorney (Lisa M. Fletcher,
Assistant United States
Attorney, *on the brief*), *for*
Antoinette T. Bacon, Acting
United States Attorney for the
Northern District of New York,
Syracuse, NY.

Appeal from a judgment of the United States District Court for the

Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that this appeal is DISMISSED in part and REMANDED in part

for further proceedings consistent with this order.

Ariel Machia appeals from a judgment of conviction entered by the District

Court (McAvoy, J.) upon her plea of guilty pursuant to a plea agreement to a

single count of sexual exploitation of a minor for the purpose of producing child

pornography, in violation of 18 U.S.C. § 2251(a).  Machia was sentenced

principally to a term of imprisonment of 360 months.  On appeal, Machia argues

2

that she was denied effective assistance of counsel and that her sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to dismiss in part and remand the case in part.

### 1. Ineffective Assistance of Counsel

"The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed de novo." Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000). The standard for establishing a claim of ineffective assistance of counsel is well established. See Strickland v. Washington, 466 U.S. 668, 687–88 (1984) (defendant must show that counsel's representation fell below an objective standard of reasonableness, and that the deficient performance prejudiced defendant).

### a. Miscalculation of Guidelines

First, Machia argues that her trial counsel was ineffective when he contributed to the District Court's miscalculation of her Guidelines range for

3

sentencing. During the sentencing hearing, Machia's counsel argued that the correct offense level was 40, resulting in a Guidelines range of 292–365 months' imprisonment, capped at the 30-year statutory maximum as set forth in 18 U.S.C. § 2251(a). The District Court accepted Machia's counsel's Guidelines calculation and sentenced Machia to the statutory maximum of 360 months' imprisonment, a sentence within the Guidelines range for a defendant with an offense level of 40 and a criminal history category of I.

Both parties agree that calculating Machia's offense level as 40 was erroneous because it failed to account for her three-level reduction for acceptance of responsibility. They further agree that her correct Guidelines offense level was 37, which yields a Guidelines range of 210–262 months' imprisonment. The Government also concedes that defense counsel's performance was deficient under Strickland. It argues, however, that Machia cannot show that she suffered prejudice as a result of her counsel's contribution to the District Court's error.

It is true that "[a] district court that improperly calculates a defendant's Guidelines range . . . has committed a significant procedural error." Molina-Martinez v. United States, 136 S. Ct. 1338, 1345–46 (2016) (quotation marks

4

omitted). But record evidence that "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range" may counter a showing of prejudice. Id. at 1346–47; see United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009). Here, before it recognized its error, the District Court stated on the record that "regardless of any potential miscalculation in the guideline scoring in this case, the Court would have imposed the same sentence of 360 months." App'x 93. And before formal judgment was imposed the District Court attempted to correct its error. In its statement of reasons, the District Court acknowledged that it had misstated Machia's offense level during the sentencing hearing and described the 360-month sentence imposed as a variance above the Guidelines range sufficient to meet the goals of sentencing under 18 U.S.C. § 3553(a).

But, given the unique circumstances of this case, the District Court did not adequately explain the grounds for its apparent determination that an upward variance of 98–150 months from the Guidelines range to the statutory maximum sentence of 360 months' imprisonment was justified regardless of the misstatement of the Guidelines range prompted by defense counsel's error.

Therefore, we remand pursuant to the procedure set out in United States v. Jacobson, 15 F.3d 19, 21–22 (2d Cir. 1994), for the limited purpose of permitting the District Court to reconsider whether it would have imposed the same sentence absent the error. If the District Court concludes that it would have imposed the same sentence, it should more fully explain the reasons therefor.

### b. Mitigation Evidence

Next, Machia argues that her counsel's performance was deficient because he failed to procure a mitigation expert to prepare a psychosocial report and present additional mitigation evidence to the District Court. Because "the record on appeal does not include the facts necessary to adjudicate" this claim, United States v. Oladimeji, 463 F.3d 152, 154 (2d Cir. 2006), we decline to consider it on direct appeal. Machia may raise this claim in a petition for habeas corpus under 28 U.S.C. § 2255. Id.; see Massaro v. United States, 538 U.S. 500, 504 (2003).

### 2. Procedural and Substantive Unreasonableness

Finally, Machia claims that her sentence was procedurally and substantively unreasonable. We cannot consider these claims because they are barred by the appellate waiver contained in Machia's plea agreement, in which

6

she waived her right to challenge "[a]ny sentence to a term of imprisonment of 360 months or less." App'x 37.[1]

Urging a contrary conclusion, Machia argues that, because she was sentenced to the statutory maximum, we should decline to enforce her plea agreement as lacking consideration and allow her challenge to her sentence. But Machia did receive consideration in the form of the Government's promise not to seek other charges against her, see App'x 32, and "certainty as to the extent of h[er] liability and punishment," see United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997). Machia also argues that the plea agreement is unenforceable because the Government contributed to the miscalculation of Machia's Guidelines range when it failed to inform the District Court that the offense level was erroneous. We disagree. Machia does not argue that the Government's contribution to the miscalculation of her Guidelines range constituted a breach of her plea agreement, such that the plea agreement is unenforceable on those grounds. See Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016). Because the plea

---

[1] Machia explicitly retained the right to raise an ineffective assistance of counsel claim on appeal or collateral attack. See App'x 37.

agreement is enforceable, we may not consider Machia's procedural and substantive unreasonableness claims.

We have considered Machia's remaining arguments and conclude that they are without merit. For the foregoing reasons, we DISMISS Machia's appeal arising from her ineffective assistance of counsel claim regarding whether a mitigation expert should have been retained, without prejudice to renewal in a petition pursuant to 28 U.S.C. § 2255; we DISMISS Machia's appeal relating to the procedural and substantive reasonableness of her sentence because that appeal is barred by a waiver of appellate rights contained in her plea agreement; and we REMAND to the District Court for limited further proceedings relating to the imposition of sentence, consistent with this order. Either party may then restore jurisdiction to this Court within thirty days of the entry of a final order by letter to the Clerk's Office (attaching a copy of the relevant order) advising the Clerk that the appeal should be reinstated. In that event, no new notice of appeal or additional filing fee will be required. Any reinstated appeal will be assigned to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8