*United States v. McCullough*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee.*

> v.                                                     21-842

TROY L. McCULLOUGH,

> *Defendant-Appellant.**

---

FOR APPELLEE:                                    TIFFANY H. LEE, Assistant United States Attorney, of Counsel, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, N.Y.

---

* The Clerk is respectfully directed to amend the caption accordingly.

**FOR DEFENDANT-APPELLANT:**                    SUSAN C. WOLFE, Riverdale, N.Y.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part and **REMANDED** in part for the district court to conduct factfinding regarding the ineffective assistance of counsel claim.

Troy L. McCullough pleaded guilty to Hobbs Act robbery and brandishing a firearm in connection with that robbery. His plea agreement stipulated that he qualified as a "Career Offender" for purposes of United States Sentencing Guidelines § 4B1.1(a). The district court, applying that guideline, sentenced McCullough to 262 months of imprisonment, the bottom of the parties' stipulated guidelines range. McCullough appealed, arguing that the district court's application of the Career Offender guideline was plainly erroneous and that his counsel was ineffective for failing to object on those grounds. The United States concedes the first point in light of *United States v. Chappelle*, 41 F.4th 102 (2d Cir. 2022). But the government seeks to enforce the "waiv[er]" of McCullough's "right to appeal . . . any component of a sentence . . . which falls within or is less than the [stipulated] sentencing range" contained in McCullough's plea agreement, and it urges us to decline to hear the ineffective assistance of counsel claim at this stage. App'x at 88. We assume the parties' familiarity with the facts, the procedural posture, and the issues on appeal.

"Waivers of the right to appeal a sentence are presumptively enforceable, and the exceptions to this rule occupy a very circumscribed area of our jurisprudence." *United States v. Borden*, 16 F.4th 351, 354-55 (2d Cir. 2021) (cleaned up). Such exceptions include "challenges to the process leading to the plea," *United States v. Lloyd*, 901 F.3d 111, 118 (2d Cir. 2018),

2

showing that the plea "was not made knowingly, voluntarily, and competently," *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (cleaned up). We thus begin with McCullough's claim of ineffective assistance of counsel. That claim may avoid McCullough's appeal waiver. *See Lloyd*, 901 F.3d at 124 ("[A] guilty plea would be invalid and [the] appeal waiver unenforceable if [the appellant] prevailed on his claim that he received constitutionally ineffective assistance of counsel during his plea proceedings."); *accord Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) ("To raise a claim despite a guilty plea or appeal waiver, the petitioner [may] show that the plea agreement was not knowing and voluntary because the advice he received from counsel was not within acceptable standards" (cleaned up)).

Our review of the issue is complicated because McCullough raises his claim on direct appeal. "Our established practice on direct appeal . . . when addressing ineffective assistance claims with regard to the district court proceedings, is to consider three options: . . . (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for a writ of habeas corpus . . . ; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *Lloyd*, 901 F.3d at 124 (cleaned up). We decline to resolve McCullough's ineffective assistance of counsel claim on the record before us because "the record is devoid of testimony or other evidence from [McCullough's] prior counsel or otherwise regarding [his] representation . . . leading up to . . . the guilty plea and subsequent sentencing." *Id.* at 125. We accordingly remand the ineffective assistance of counsel claim to the district court to address it in the first instance. In doing so, the district court should consider whether McCullough's counsel "fell below an objective standard of reasonableness" and whether McCullough suffered "prejudice arising from [his] counsel's allegedly deficient representation." *Parisi*, 529 F.3d at 140 (cleaned up). If the district court determines that the plea agreement does

3

not prevent McCullough from seeking reconsideration of his sentence, the district court may proceed to consider the Career Offender issue.

For purposes of this appeal, however, because the current "record does not permit assessment of the claim of ineffective assistance and its potential effect on the appeal waiver," the waiver "will be provisionally enforced as to any appellate claim that falls under the appeal waiver." *United States v. Oladimeji*, 463 F.3d 152, 155 (2d Cir. 2006). And McCullough's sentencing challenge falls within his appeal waiver. "[A] defendant's inability to foresee a change in the law does not supply a basis for failing to enforce an appeal waiver." *Sanford*, 841 F.3d at 580 (cleaned up). "This Court has upheld waiver provisions even . . . where the sentence was conceivably imposed . . . in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." *Id.* (cleaned up) (enforcing an appeal waiver when the defendant was sentenced under a guidelines provision later held to be unconstitutional); *see also, e.g.*, *United States v. Avery*, 762 F. App'x 50, 52 & n.1 (2d Cir. 2019) (explaining that a change in the interpretation of the sentencing guidelines would not excuse an appeal waiver). We therefore provisionally dismiss McCullough's challenge to the error in his sentence as barred by his appeal waiver without prejudice to his raising the issue again should he succeed "in proving that his appeal waiver should be voided because he received ineffective assistance of counsel." *Oladimeji*, 463 F.3d at 155.

For the foregoing reasons, we **DISMISS** the appeal in part and **REMAND** in part. In the interest of judicial economy, all further proceedings and subsequent appeals shall be referred to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4