*United States v. Garcia*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-three.

PRESENT:

> WILLIAM J. NARDINI,
> BETH ROBINSON,
> MYRNA PÉREZ,
> > *Circuit Judges*.

───────────────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                        No. 22-2561

ANDERSON GARCIA, AKA SEALED DEFENDANT 1,

> *Defendant-Appellant*.

───────────────────────────────────────

FOR APPELLEE:                          JUN XIANG, Assistant United States
                                       Attorney (Rebecca T. Dell, *on the
                                       brief*) *for* Damian Williams, United
                                       States Attorney for the Southern
                                       District of New York, New York, NY.

FOR APPELLANT:                         MATTHEW B. LARSEN, Assistant
                                       Federal Defender, Federal Defenders
                                       of New York, Appeals Bureau, New
                                       York, NY.

Appeal from a judgment of the United States District Court for Southern

District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Appellant Anderson Garcia appeals from a judgment of conviction entered

on September 21, 2022, following his guilty plea.  We assume the parties'

familiarity with the underlying facts, procedural history, and arguments on

appeal, to which we refer only as necessary to explain our decision to dismiss

this appeal.

On January 27, 2022, Garcia pled guilty to one count of conspiracy to

commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 pursuant to a written

plea agreement.  As part of the agreement, the parties stipulated to a Guidelines

range of 140 to 175 months' imprisonment, and Garcia agreed "not [to] file a

direct appeal; nor bring a collateral challenge . . . of any sentence within or below the Stipulated Guidelines Range," App'x 17.

At the plea hearing, the district court confirmed that Garcia had read the plea agreement, discussed it with his counsel, and understood it. The court "singl[ed] out several provisions" of the agreement it wanted to emphasize:

> The next such provision contains waivers of appeal. In that plea agreement, Mr. Garcia, you agree not to file a direct appeal. You also agree not to bring what's called a collateral challenge, which includes, but is not limited to, an application under Title 28, United States Code, Sections 2255 and/or 2241 -- this refers to the so-called habeas corpus provisions -- of any sentence that is within or below the stipulated guideline range as found of 140 to 175 months of incarceration.

> Let me just summarize that again. This provision that I have just referred to indicates that you are going to waive certain rights you would otherwise have to appeal or to challenge your conviction if the sentence imposed on you is in fact within the stipulated guideline range of 147 to 175 months of imprisonment. Do you realize that?

Tr. 18.[1] Garcia responded: "Yes, your Honor." *Id.* The court then addressed the remaining components of the appeal waiver, confirming that Garcia "agree[d] not to appeal or bring a collateral challenge" to any term of supervised release less than or equal to the statutory maximum or any fine less than or equal to

---

[1] "Tr." refers to the transcript of Garcia's change-of-plea hearing, which is attached as the sole exhibit to the government's affirmation in support of its motion to dismiss the appeal, App. Ct. Dkt. 40.

$250,000. *Id.* 18–19. Satisfied that Garcia pled guilty knowingly and voluntarily, the court accepted his plea.

The court sentenced Garcia on September 21, 2022. It observed that Garcia had bipolar disorder, anxiety, and substance abuse problems, and opined that it would be difficult for Garcia to overcome these "serious cooccurring disorders . . . without ever completing a formal outpatient treatment program." App'x 36. The court opined that our system "doesn't do enough . . . to try and help people incarcerated," and that it would be "very desirable" if people "could devote their entire period of incarceration to substance abuse [treatment], education, [and] mental health treatment." *Id.* 53–54. It further suggested that incapacity "is vital" for individuals like Garcia and "is sometimes the only thing that enables a person to accept treatment." *Id.* 66, 68.

The court sentenced Garcia to 145 months' imprisonment and three years' supervised release. It also recommended "that [Garcia] be housed at a facility where he can receive appropriate drug treatment and mental health treatment." *Id.* 81. Garcia appealed, challenging the legality of his sentence.

The government moved to dismiss the appeal, citing the appellate waiver. Garcia argued, among other things, that the waiver was void because the district

4

court improperly sentenced him based on his need for rehabilitation in violation of the Sentencing Reform Act, 18 U.S.C. § 3582(a), as interpreted by *Tapia v. United States*, 564 U.S. 319 (2011).  The Court granted the government's motion to dismiss, and Garcia filed a motion for reconsideration.  The Court granted his motion and held oral argument on September 12, 2023.

"Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010).  While "[a] violation of a fundamental right warrants voiding an appeal waiver," *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011), this occurs in very limited circumstances:

> [A] defendant may have a valid claim that the waiver of appellate rights is unenforceable, such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence,

*United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (internal citations omitted).  Outside of these limited circumstances, we have upheld appellate waivers "even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines" as long as the ultimate sentence was within the range contemplated in the plea agreement.  *Id*.

Garcia argues that a court's failure to enunciate *any* rationale for a sentence vitiates an appeal waiver, and therefore that a court's reliance on an *unlawful* rationale must as well. Sentencing without proffered reasons, he argues, "amount[s] to an abdication of judicial responsibility," and so too does sentencing based on "a consideration Congress and the Supreme Court have ruled out," App. Ct. Dkt. 62 at 2 (internal citations omitted). We disagree.

A *Tapia* error is, at bottom, a misapplication of the Sentencing Reform Act, which instructs courts to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation," 18 U.S.C. § 3582(a). *See* 564 U.S. at 327. We have indeed held that "an arbitrary practice of sentencing without proffered reasons would amount to an abdication of judicial responsibility, subject to mandamus." *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995). But a *Tapia* error cannot be described as "sentencing *without* proffered reasons," *id.* (emphasis added), but rather, as sentencing *with* a rationale deemed improper by Congress. A *Tapia* error therefore does not implicate a total abdication of duty, but the misapplication of a sentencing court's duty.

This Court regularly enforces appellate waivers in the face of such errors where the ultimate sentence was within the range contemplated in the plea agreement. *See, e.g., Arevalo*, 628 F.3d at 98–100 (enforcing appellate waiver despite district court's failure to comply with Rule 32); *Yemitan*, 70 F.3d at 747–49 (enforcing appellate waiver despite district court's failure to provide specific reasons for imposing the sentence as required under 18 U.S.C. § 3553(c)(1)); *United States v. Rosa*, 123 F.3d 94, 101–102 (2d Cir. 1997) (enforcing appellate waiver despite casting doubt on whether defendant understood the waiver); *United States v. Buissereth*, 638 F.3d 114, 117–18 (2d Cir. 2011) (enforcing appellate waiver despite district court's failure to rule on objections to the PSR, rule on the requests for downward departures and a variance, adopt the findings of the PSR, mention the factors set forth in 18 U.S.C. § 3553(a), or calculate a sentencing range under the Guidelines); *Sanford v. United States*, 841 F.3d 578, 580–81 (2d Cir. 2016) (enforcing appellate waiver despite that the defendant was sentenced under a Guidelines provision later ruled unconstitutional). Therefore, under the circumstances of this case, we conclude Garcia's appellate waiver is enforceable notwithstanding the alleged *Tapia* error at sentencing.

* * *

7

We have considered Garcia's remaining arguments and conclude they are without merit.  For the foregoing reasons, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court