24-431
*United States v. Andino*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of December, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                No. 24-431

CESAR RIVERA-FIGUEROA, AKA FAT BOY, JENHSEN RODRIGUEZ, AKA COMPA, DANIEL NAVARRO, AKA OMAR, VIRGEN PEREZ-JURADO, JOSUE CARDONA-SOTO, AKA CHRIS, DEVINCIO K.D. JAMES, OMAR VAZQUEZ-BAEZ, AKA

TUTU, JOSEPH JONES, AKA TIO, QUINTON JONES, AKA Q., SUCLEY ROMERO, TORI ROCKMORE,

*Defendants*,

LUIS ANDINO,

*Defendant-Appellant*.

| | |
|---|---|
| **For Defendant-Appellant:** | Matthew W. Brissenden, Matthew W. Brissenden, P.C., Garden City, NY. |
| **For Appellee:** | Monica J. Richards, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 15, 2024 judgment of the district court is **AFFIRMED**.

Luis Andino appeals from a judgment of conviction following his guilty plea to conspiring to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846. The district court sentenced Andino to 121 months' imprisonment and entered a judgment directing him to forfeit $50,000

pursuant to the terms of his plea agreement. Andino now challenges that forfeiture provision on the ground that the district court failed to pronounce it at sentencing, as he argues was required by Federal Rule of Criminal Procedure 32.2(b)(4)(B). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

A defendant's right of presence at sentencing under Federal Rule of Criminal Procedure 43(a)(3) is grounded in the defendant's constitutional right to be present when sentence is imposed, and the common law right of presence at trial. *See United States v. Maiorana*, 153 F.4th 306, 310 (2d Cir. 2025) (*en banc*); *United States v. Petix*, 767 F. App'x 119, 121 (2d Cir. 2019); *United States v. Johnson*, 315 F.2d 714, 716 (2d Cir. 1963) (describing the constitutional right of presence at sentencing as "fundamental"). Federal Rule of Criminal Procedure 32.2(b)(4)(B) expands on that general right of presence at sentencing, by requiring that the sentencing court "include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing."

It has long been the practice of our courts to "indulge every reasonable presumption against waiver of fundamental constitutional rights," given their

importance. *Jones v. Murphy*, 694 F.3d 225, 237 (2d Cir. 2012) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).[1] Nevertheless, courts will enforce a waiver of important constitutional rights if it is a "voluntary[,] . . . knowing, [and] intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Here, Andino's waiver of his right to challenge the pronouncement called for by Rule 32.2(b)(4)(B) passes that test.

In his plea agreement, Andino expressly consented "to immediately criminally forfeit" $50,000. App'x at 52. In that agreement, he also (1) acknowledged that the district court would "issue a Preliminary and Final Order of Forfeiture" prior to sentencing, *id.* at 53; (2) "waive[d] any right to notice of such Preliminary and Final Order," *id.*; (3) "waive[d] any . . . notice provisions in Rule[] 32.2 . . . regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment," *id.* at 53–54; (4) "acknowledge[d] that [he] underst[ood] that the

---

[1] We assume without deciding that Rule 32.2(b)(4)(B)'s specific right to oral pronouncement of a final forfeiture order at sentencing, like the general right of presence at sentencing codified at Rule 43(a)(3), is both a constitutional right and a common law right. *See United States v. Reiter*, 897 F.2d 639, 642 (2d Cir. 1990) ("In framing rule 43, Congress explicitly intended to codify existing law concerning an accused's constitutional and common law rights of presence at trial.").

forfeiture of property [wa]s part of the sentence that m[ight] be imposed in this case and waive[d] any failure by the Court to advise [him] of this . . . at the time the guilty plea [was] accepted," *id.* at 54; and (5) "knowingly, intelligently, and voluntarily waive[d] all constitutional, legal[,] and equitable defenses to the forfeiture of these assets in any proceeding," *id.* at 54.

At his plea colloquy, Andino confirmed his understanding of these terms. He averred to the Court that he had "read the plea agreement with the assistance of [his] interpreter," "discuss[ed] it with [his] lawyer," "underst[ood] everything in it," "agree[d] with everything in it," had no "questions about it," and "d[id] not want more time to talk" to his lawyer. *Id.* at 73–74. Andino also confirmed that he understood and agreed that he was (1) "waiving his right to notice of the preliminary and final order of forfeiture," and that the forfeiture would "be made part of his sentence and included in the judgment in his case"; and (2) "knowingly, intelligently, and voluntarily waiving all constitutional[,] legal[,] and equitable defenses to the forfeiture of these assets." *Id.* at 81–82.

Andino argues that his waiver of rights under Rule 32.2(b)(4)(B) is unenforceable because, he says, the district court did not also orally "effectuate[] and confirm[]" that specific aspect of the waiver "on the record at the time of

[Andino's] plea." Appellant's Br. 12–13 (citing *United States v. Ready*, 82 F.3d 551, 556–57 (1996)). We need not decide whether Andino was entitled to an explicit confirmation by the Court of his Rule 32.2(b)(4)(B) waiver at the plea colloquy because, in any event, the Court *did* confirm Andino's intentional relinquishment of those rights during the plea. In substance (and absent a valid waiver), Rule 32.2(b)(4)(B) required the Court to ensure Andino was aware of the final order of forfeiture at sentencing; only if that duty was discharged could the forfeiture be incorporated into the sentence, *see United States v. DeMartino*, 112 F.3d 75, 78–79 (2d Cir. 1997). But during the plea colloquy, Andino knowingly waived those rights: he was orally informed of his waiver of the substance of the Rule—"his right to notice of the preliminary and final order of forfeiture"—and was further informed that the forfeiture would unconditionally "be made part of his sentence." App'x at 81–82. Andino then confirmed that he "underst[ood]" and "agree[d] with" those aspects of the waiver. *Id.* at 82. So, while Rule 32.2(b)(4)(B) was not mentioned by name during Andino's plea colloquy, its substance and the relevant consequences plainly were. Andino does not explain why this oral notice, coupled with the express waiver of Rule 32.2 notice rights described in his plea agreement, did not suffice to establish Andino's "awareness of the . . . likely

consequences" of the waiver of his Rule 32.2(b)(4)(B) rights with regard to the agreed-on monetary forfeiture. *Brady*, 397 U.S. at 748.

Nor was the scope of the forfeiture unclear. Unlike in *Petix*, where neither the court's oral pronouncement nor its written judgment mentioned the challenged monetary forfeiture (though they did discuss forfeiture of "certain electronic equipment used in [the] crime of conviction"), *Petix*, 767 F. App'x at 120, here the negotiated plea agreement, preliminary and final order of forfeiture, and pre-sentence report all contemplate a $50,000 monetary judgment. That $50,000 forfeiture was repeatedly confirmed during the plea.[2]

Thus, the forfeiture terms and the waiver were both clearly described in Andino's plea agreement, and he specifically confirmed his waiver of additional forfeiture-related notice rights during the plea colloquy. So, "there being no evidence indicating that [he] was coerced or misunderstood any of the relevant facts," *Sanford v. United States*, 841 F.3d 578, 581 (2016), Andino has waived any challenge to his sentence based on the absence of a further pronouncement under Rule 32.2(b)(4)(B). He cannot now argue that the district court failed to

---

[2] Further, *Petix* did not involve a plea agreement or any asserted waiver of the defendant's right to challenge his sentence on Rule 32.2 grounds. *See* 767 F. App'x at 121–23.

"otherwise ensure that [Andino] kn[ew] of the forfeiture at sentencing."  Fed. R.

Crim. P. 32.2(b)(4)(B).

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court