16-4107(L)
*Cook v. United States*

# United States Court of Appeals
# for the Second Circuit

_____

August Term 2020

Submitted: February 3, 2021
Decided: October 16, 2023

Nos. 16-4107(L), 19-3773(Con), 19-3790(Con),
19-3807(Con), 19-3813(Con), 19-3899(Con)

_____

DEREK COOK, CHAD EDWARDS, BRIAN LATULIPE,
ANSON EDWARDS, BRYAN HERNE, KAIENTANORON L. SWAMP,

*Petitioners-Appellants*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of New York
Nos. 08-cr-355, 14-cv-1282, David N. Hurd, *Judge.*

_____

Before: JACOBS, SULLIVAN, and BIANCO, *Circuit Judge*s.

Petitioners-Appellants appeal from orders of the district court (Hurd, *J.*)
denying their petitions for habeas relief pursuant to 28 U.S.C. § 2255, following
their 2012 convictions for conspiracy to commit Hobbs Act robbery, in violation of
18 U.S.C. § 1951, and use of a firearm in furtherance of a crime of violence –

specifically, the Hobbs Act robbery conspiracy – that caused the death of another person, in violation of 18 U.S.C. § 924(c) and (j).  On appeal, Petitioners contend that the district court erroneously enforced the collateral-attack waivers in their plea agreements, which they argue are unenforceable in light of *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019).  Because subsequent changes in the law do not allow Petitioners to back out of their valid agreements with the government, the waivers are enforceable.  Accordingly, we **DISMISS** the appeal.

APPEAL DISMISSED.

James P. Egan, Assistant Federal Public Defender, Syracuse, NY, *for Petitioners-Appellants* Derek Cook, Chad Edwards, Brian Latulipe, Anson Edwards, Bryan Herne, Kaientanoron L. Swamp.

Michael F. Perry, Carina H. Schoenberger, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY, *for Respondent-Appellee* United States of America.

RICHARD J. SULLIVAN, *Circuit Judge*:

Petitioners-Appellants – Derek Cook, Chad Edwards, Brian Latulipe, Anson Edwards, Bryan Herne, and Kaientanoron L. Swamp – appeal from orders of the district court (Hurd, *J.*) denying their petitions for habeas relief pursuant to 28 U.S.C. § 2255, following their 2012 convictions for conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and use of a firearm in furtherance of a crime of violence – specifically, the Hobbs Act robbery conspiracy – that caused

the death of another person, in violation of 18 U.S.C. § 924(c) and (j).  On appeal,

Petitioners contend that the district court erroneously enforced the

collateral-attack waivers in their plea agreements, which they argue are

unenforceable in light of *Johnson v. United States*, 576 U.S. 591 (2015), and *United*

*States v. Davis*, 139 S. Ct. 2319 (2019).  Because subsequent changes in the law do

not allow Petitioners to back out of their valid agreements with the government,

the waivers are enforceable.  Accordingly, we **DISMISS** the appeal.[1]

## I. BACKGROUND

Under virtually identical plea agreements, Petitioners pleaded guilty to two

criminal charges:  conspiracy to commit Hobbs Act robbery, in violation of 18

U.S.C. § 1951(a), and using a firearm in furtherance of a crime of violence that

caused the death of another person, in violation of 18 U.S.C. § 924(c) and (j).  In

their respective agreements, and in exchange for the government's promise not to

bring any further criminal charges related to the conduct underlying the

conspiracy, Petitioners waived several rights, including the right to appeal and –

---

[1] The decision in this case was delayed by the panel's need to await its turn in a queue of cases pending in this Circuit resolving whether a waiver of the right to appeal or collaterally attack a section 924(c) conviction is enforceable following the Supreme Court's rulings in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019).  Since the cases ahead of us in the queue ultimately did not reach the issue, we address it here as a matter of first impression in this Circuit.

as especially relevant here – the right to collaterally attack their convictions and sentences under 28 U.S.C. § 2255, so long as the sentence imposed did not exceed an agreed-upon term of imprisonment specified in the plea agreement. The district court held separate change-of-plea hearings for each Petitioner and later sentenced each below the agreed-upon sentencing range. Consistent with the plea agreements, none of the Petitioners appealed.

Three years later, after the Supreme Court held in *Johnson* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, 576 U.S. at 597, Petitioners filed these section 2255 motions. Petitioners argued that, if the residual clause of the ACCA is unconstitutional, then the similarly worded residual clause under section 924(c)(3)(B) must be as well.[2] Based on that premise, Petitioners maintained that their convictions for conspiracy to commit Hobbs Act robbery no longer qualified as a "crime of violence," removing the sole predicate for their section 924(c) convictions. The district court denied Cook's motion first,

---

[2] Section 924(c)(3)(B) provides: "For purposes of this subsection the term 'crime of violence' means an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). By comparison, section 924(e)(2)(B)(ii) provides, in relevant part: "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year" that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

4

concluding that it was barred by the collateral-attack waiver in his plea agreement and, alternatively, that conspiracy to commit Hobbs Act robbery was a "crime of violence" under then-existing Circuit precedent. While the remaining petitions for relief were pending, the Supreme Court issued *Davis*, holding that section 924(c)'s residual clause was unconstitutional, 139 S. Ct. at 2336, and implicitly requiring the government to prove that a defendant's conduct satisfied the statute's elements clause. In the wake of *Davis*, we held that conspiracy to commit Hobbs Act robbery no longer qualified as a "crime of violence." *See United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019), abrogated on other grounds by *Lora v. United States*, 599 U.S. 453 (2023). The district court subsequently denied the remaining petitions, relying exclusively on the fact that Petitioners had waived their right to collateral review. After Petitioners appealed, we issued certificates of appealability on the issue of "whether [Petitioners'] waiver[s] of the right to challenge [their] 18 U.S.C. § 924(c) conviction[s] should be enforced, and, if not, whether [their] § 924(c) conviction[s] should be vacated." No. 16-4107(L), Doc. No. 46; No. 19-3773(Con), Doc. No. 21; No. 19-3790(Con), Doc. No. 25; No. 19-3807(Con), Doc. No. 22; No. 19-3813(Con), Doc. No. 22; No. 19-3899(Con), Doc. No. 21.

5

## II. STANDARD OF REVIEW

We review *de novo* whether a plea agreement's collateral-attack waiver precludes a motion to vacate a conviction. *See United States v. Green*, 897 F.3d 443, 447 (2d Cir. 2018).

## III. DISCUSSION

A waiver of the right to collaterally attack a conviction is presumptively enforceable. *See United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017). Such waivers must be enforced because, if they are not, "the covenant . . . becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995). The exceptions to the presumption of enforceability "occupy a very circumscribed area of our jurisprudence." *United States v. Borden*, 16 F.4th 351, 354–55 (2d Cir. 2021) (internal quotation marks omitted). We have recognized only five circumstances where we will not enforce a waiver: "(1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial[,] or other prohibited biases; (3) where the government breached the agreement containing the waiver; . . . (4) where the district court failed to enunciate any rationale for the defendant's

6

sentence," *Burden*, 860 F.3d at 51 (internal quotation marks omitted); and (5) where the waiver "was unsupported by consideration," *United States v. Lutchman*, 910 F.3d 33, 38 (2d Cir. 2018).  Here, Petitioners argue that we should decline to enforce the waivers because (1) Petitioners did not knowingly and voluntarily waive their right to collaterally attack their convictions, and (2) holding Petitioners to their waivers would be unconscionable when the predicate crime on which their section 924(c) convictions were based – conspiracy to commit Hobbs Act robbery – is no longer a "crime of violence" in light of *Davis* and *Barrett*.  We address each of these arguments in turn.

### A. Petitioners' Pleas Were Knowing and Voluntary.

Petitioners Chad Edwards, Brian Latulipe, and Anson Edwards now contend, for the first time, that the district court's remarks at sentencing misled them into believing that they were not relinquishing their right to challenge their convictions, rendering their pleas involuntary and unknowing in violation of Rule 11 of the Federal Rules of Criminal Procedure.[3]  We disagree.

---

[3] Contrary to the government's contention, Petitioners' challenge to the voluntariness of their waivers falls squarely within the scope of the certificates of appealability issued in these consolidated appeals. We granted certificates of appealability to consider "whether [Petitioners'] waiver[s] of the right to challenge [their] 18 U.S.C. § 924(c) conviction[s] should be enforced." No. 16-4107(L), Doc. No. 46; No. 19-3773 (Con), Doc. No. 21; No. 19-3790 (Con), Doc. No. 25; No. 19-3807(Con), Doc. No. 22; No. 19-3813 (Con), Doc. No. 22; No. 19-3899 (Con), Doc. No. 21.

For starters, Petitioners' challenge to the voluntariness of their plea agreements is untimely. Ordinarily, a habeas petition must be filed within one year of the date on which the petitioner's conviction became final. 28 U.S.C. § 2255(f)(1). Petitioners could have raised a challenge to the voluntariness of their pleas at the time of their plea proceedings, on direct appeal, in a timely filed habeas petition, or in an amended habeas petition that relates back to a timely petition. Petitioners did none of those things. Because Petitioners offer no explanation for why they waited until now – on appeal from the district court's denial of their habeas petitions and years after the one-year deadline – to challenge the voluntariness of the collateral-attack waivers that they executed in 2012, their challenge is untimely. *See, e.g.*, *McCloud v. United States*, 987 F.3d 261, 267 (2d Cir. 2021) (affirming district court's dismissal of untimely section 2255 petition); *Nunez v. United* States, 954 F.3d 465, 467 (2d Cir. 2020) (same); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (denying certificate of appealability to petitioner who made untimely section 2255 petition). And even if we construed Petitioners' new voluntariness challenge as an amended habeas petition, it would still be untimely

---

Because a waiver is unenforceable when it is made involuntarily or without full knowledge of the rights being waived, *see Burden*, 860 F.3d at 51, the text of our orders granting the certificates of appealability encompasses Petitioners' arguments in this regard.

8

because it is based on facts – specifically, the district court's sentencing colloquies – that do not relate back to Petitioners' timely habeas petition. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

But even if we were to assume the timeliness of Petitioners' Rule 11 argument, it would still fail. At their respective plea hearings, each of the three Petitioners stated that he had read and signed the agreement, the terms of which included an express waiver of "any and all rights . . . to appeal or collaterally attack his conviction and any sentence," so long as the sentence imposed fell within the sentencing range stipulated by the parties. C. Edwards App'x at 26; *see also* Latulipe App'x at 32; A. Edwards App'x at 27. Petitioners also confirmed that they had reviewed the agreement with counsel and that all their questions about the agreement had been answered.

To be sure, the district court, during its colloquy with Chad Edwards, described the waiver as one that relinquished the right to collaterally attack any sentence imposed below a certain threshold, without mentioning that the waiver

9

also prohibited him from challenging his underlying conviction. But the court's omission of one aspect of the waiver did not inject ambiguity into the plea agreement's otherwise clear terms. In fact, we previously rejected a similar argument where the court failed to mention the waiver provision altogether. In *Sanford v. United States*, we held that a plea was knowing and voluntary where the agreement included an explicit waiver of the right to bring postconviction challenges, even though the district court "did not specifically mention that [the defendant] had waived the right to 'otherwise challenge' the conviction or sentence (i.e., collaterally attack them)." 841 F.3d 578, 581 (2d Cir. 2016). Like the plea agreement in *Sanford*, the plea agreements here include a provision "waiv[ing] any and all rights, including those conferred by . . . 28 U.S.C. § 2255 . . . [to] collaterally attack [the] conviction and any sentence of imprisonment," so long as the sentence imposed fell below a stipulated length. C. Edwards App'x at 26; *see also* Latulipe App'x at 32; A. Edwards App'x at 27. Considering that each Petitioner confirmed that he had "talked with his lawyer about the plea agreement and signed it, and there being no evidence indicating that [Petitioners were] coerced or misunderstood any of the relevant facts," *Sanford*, 841 F.3d at 581, we see no reason to reach a different result here.

Latulipe and Anson Edwards make a slightly different argument, asserting that the district court's characterization of Petitioners' plea agreements during their colloquies – as waiving the right to appeal or collaterally attack only their sentences – contradicted Petitioners' plea agreements. But even assuming the district court's shorthand reference to the waiver provisions in the plea agreements was error, it in no way renders Petitioners' waivers involuntary or unknowingly made. Under the plain error standard, which we apply because Petitioners did not raise the error in the district court, Petitioners can only benefit from the district court's allegedly erroneous description of the waivers if they can show that there was "a reasonable probability that, but for the error, [they] would not have entered the plea." *United States v. Lloyd*, 901 F.3d 111, 119 (2d Cir. 2018) (internal quotation marks omitted). By the time of their colloquies, Petitioners had already reviewed the terms of their plea agreements, which plainly stated that Petitioners were waiving their right to bring any postconviction challenges to either their convictions *or* sentences, had already discussed those terms with counsel, and had already signed the agreements. Nothing in the record suggests that Petitioners were affirmatively misled by the colloquies, *Zhang v. United States*, 506 F.3d 162, 164 (2d Cir. 2007), or that their decisions to plead guilty turned on

11

the district court's description of the written waiver terms that Petitioners themselves had read and reviewed with counsel. As a result, they have failed to establish that their pleas were involuntary or unknowingly made.

### B. Even in the Face of Evolving Judicial Precedent, Petitioners' Waivers Are Enforceable.

Petitioners next argue that even if their collateral-attack waivers were knowingly and voluntarily executed, it would be inequitable to enforce them where a favorable change in law – here, the Supreme Court's holdings in *Johnson* and *Davis* – creates new legal theories on which to attack their underlying convictions. While we have not yet considered the precise question of whether collateral-attack waivers are enforceable in the wake of *Johnson* and *Davis*, we have made clear that such waivers are generally enforceable in the face of "evolving judicial precedent." *United States v. Morgan*, 406 F.3d 135, 137 n.3 (2d Cir. 2005). As we noted nearly two decades ago, "the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *Id.* at 137. This principle follows from the fact that plea agreements, like all contracts, allocate risk between the parties – and we are not free to disturb the bargain the parties strike.

12

Our decision in *Sanford* – in which we held that a defendant's waiver of his right to collaterally attack his sentence remained enforceable even where his sentence was based on a Guidelines provision later held to be unconstitutional – reinforces this point about the continuing viability of plea agreements. *See* 841 F.3d at 580. While *Sanford* involved a change in law governing a defendant's sentence, our reasoning in that case applies with equal force to changes in the law that impact convictions. The enforceability of a collateral-attack waiver turns on whether the petitioner's plea was knowing and voluntary, not the nature of any subsequent legal developments. In fact, other Circuits to address this issue since *Davis* have come to the same conclusion. *See King v. United States*, 41 F.4th 1363, 1370 (11th Cir. 2022) (rejecting petitioner's *Davis* challenge to conviction and sentence because, "[b]ut for a few narrow exceptions, a defendant [who] waives the right to collaterally attack his sentence is bound by that decision," and "[defendant's] *Davis* claim is no exception"); *Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) (rejecting petitioner's *Davis* challenge to conviction because "waivers of the right to bring postconviction challenges remain enforceable after changes in law, here the *Davis* decision"); *United States v. Goodall*, 21 F.4th 555, 562 (9th Cir. 2021) (rejecting defendant's appeal of conviction because, "[w]hen a

13

defendant waives his appellate rights, he knows that he is giving up all appeals, no matter what unforeseen events may happen"); *Oliver v. United States*, 951 F.3d 841, 848 (7th Cir. 2020) (rejecting defendant's *Davis* challenge to conviction and sentence because "normal constitutional challenges to a statute of conviction fall comfortably within the permissible scope of valid waivers like the ones here").

Petitioners counter that they have a "due process right not to be convicted of a non-existent offense." Cook Br. at 14. But the question is not whether Petitioners have a right not to be convicted of a non-existent offense. It is whether Petitioners have a right to bring a collateral attack when, in exchange for valid consideration, they executed binding plea agreements admitting their criminal conduct and waiving their ability to challenge the resulting convictions. And on that score, our precedent is clear that "ignorance of future rights is unavoidable and not a basis for avoiding a plea agreement." *United States v. Haynes*, 412 F.3d 37, 39 (2d Cir. 2005).[4]

---

[4] This case does not require us to decide whether a collateral-attack waiver would be unenforceable in the event of a "complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). Unlike the petitioner in *Davis*, who argued that his conviction for draft evasion was based on "an act that the law d[id] not make criminal," *id.*, the defendants here admitted to having engaged in an armed robbery of a drug dealer in which the victim was gunned down. That conduct was prohibited by a number of criminal statutes – including 21 U.S.C. § 846 (drug conspiracy), 21 U.S.C. § 846 & 18 U.S.C. § 2 (attempted possession with intent to distribute marijuana), and 18 U.S.C. § 1951 (substantive Hobbs Act Robbery) – none of which was affected

At bottom, a waiver of the right to bring a postconviction challenge is presumptively enforceable, even after the legal landscape shifts. A defendant who wishes to maintain his right to collaterally attack his conviction in the event of unforeseen legal developments may, of course, attempt to negotiate more favorable waiver terms with the government before pleading guilty. But where the waiver itself is clear, unambiguous, knowingly and voluntarily entered, and supported by consideration – here, the government's agreement not to pursue charges or arguments that could have resulted in a much higher sentence – the terms of the plea agreements must be enforced.

## III. CONCLUSION

For the foregoing reasons, we conclude that Petitioners' collateral-attack waivers are enforceable, and we therefore **DISMISS** Petitioners' appeals.

---

by the Supreme Court's intervening precedents and each of which would have supported a section 924(c) conviction. Had the parties anticipated the Supreme Court's intervening caselaw, they surely would have structured the plea agreement to reach the same ultimate result. "It is not a miscarriage of justice to refuse to put [the defendants] in a better position than they would have been in if all relevant actors had foreseen [the Supreme Court's change in law]." *Oliver v. United States*, 951 F.3d 841, 847 (7th Cir. 2020).

15