*Harris v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand twenty-three.**

**PRESENT:**

> **GUIDO CALABRESI,**
> **MICHAEL H. PARK,**
> **STEVEN J. MENASHI,**
> > *Circuit Judges.*

---

**Thomas Harris,**

> *Petitioner-Appellant,*

> v.                                                          **21-2636**

**United States of America,**

> *Respondent-Appellee.*

---

| | |
|---|---|
| **FOR PETITIONER-APPELLANT:** | DARRELL FIELDS, Of Counsel, Federal Defenders of New York, Inc. Appeals Bureau, New York, NY. |
| **FOR RESPONDENT-APPELLEE:** | MICHAEL W. GIBALDI, (David C. James, *on the brief*), Assistant United States Attorneys *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

On January 25, 2013, Appellant Thomas Harris pleaded guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and using, carrying, possessing, and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). His plea agreement contained an appeal and collateral-attack waiver under which Harris "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 272 months or below." App'x at A28. The district court sentenced Harris to 168 months' imprisonment. Now, Harris brings a 28 U.S.C. § 2255 petition seeking to vacate his conviction under 18 U.S.C. § 924(c), arguing that conspiracy to commit Hobbs Act robbery is not a crime of violence following this Court's decision in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), *abrogated on other grounds by Lora v. United States*, 599 U.S. 453 (2023), and so cannot support a § 924(c) conviction. He claims that he did not knowingly and voluntarily waive his right to challenge the constitutionality of his conviction and that at any rate a collateral-attack waiver cannot bar such a challenge. The district court denied Harris's petition but did not determine whether the collateral-attack waiver applies.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

# I.  The Validity of the Collateral-Attack Waiver

We review an unpreserved challenge to a collateral-attack waiver for plain error. *See United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013).

Harris knowingly and voluntarily entered into his plea agreement, including the collateral-attack waiver.  At his plea hearing, Harris acknowledged that he had fully reviewed his plea agreement and agreed to everything in it before signing.  The district court also asked Harris if he had any questions about the agreement before proceeding to the allocution.  Harris argues that he understood that he maintained the right to challenge the constitutionality of his conviction because the court informed him that, "the only appellate rights you would have an exception to, would be any constitutional rights violated or anything fundamental or basic, then you can appeal that."  App'x at A55.  But "[u]nder the plain error standard . . . [Harris] can only benefit from the district court's allegedly erroneous description of the waiver[] if [he] can show that there was 'a reasonable probability that, but for the error, [he] would not have entered the plea.'"  *Cook v. United States*, 84 F.4th 118, 124 (2d Cir. 2023) (quoting *United States v. Lloyd*, 901 F.3d 111, 119 (2d Cir. 2018)).  Harris has made no such showing.  "Nothing in the record suggests that [Harris] w[as] affirmatively misled by the colloqu[y], or that [his] decision[] to plead guilty turned on the district court's description of the written waiver terms."  *Id.* (citation omitted).  Nothing in the district court's statement "inject[ed] ambiguity into the plea agreement's otherwise clear terms."  *Id.* at 123.  Harris has thus failed to show that his plea was involuntary or unknowingly made.

**II.    Whether the Collateral-Attack Waiver Applies Here**

"We review *de novo* whether a plea agreement's collateral-attack waiver precludes a motion to vacate a conviction."   *Id.* at 121-22.

This Court's recent decision in *Cook* forecloses Harris's argument that his valid collateral-attack waiver does not apply.   There, we held that a collateral-attack waiver barred an essentially identical challenge to the petitioners' convictions.   *Id.* at 124-25.   For the same reasons, Harris's collateral-attack waiver bars his present challenge.

We have considered all of Harris's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
