23-630-cr
*Roselien v. United States*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-four.

PRESENT:
BARRINGTON D. PARKER,
BETH ROBINSON,
*Circuit Judges.*
VERNON D. OLIVER,
*District Judge.* *

———————————————————————

JEFF ROSELIEN,

*Petitioner-Appellant,*

v.                                                                            No. 23-630

UNITED STATES OF AMERICA,

———————————————

* Judge Vernon Dion Oliver, of the United States District Court for the District of Connecticut, sitting by designation.

*Respondent-Appellee.*

FOR APPELLANT:                    PAUL SKIP LAISURE, Paul Skip Laisure,
                                  Garden City, New York

FOR APPELLEE:                     RUSSELL NOBEL, Joann M. Navickas,
                                  Assistant United States Attorneys, *for*
                                  Breon Peace, United States Attorney for
                                  the Eastern District of New York,
                                  Brooklyn, New York

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizzary, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 31, 2023, is **AFFIRMED**.

Petitioner Jeff Roselien appeals the district court's denial of his petition for habeas relief under 28 U.S.C. § 2255 following his convictions for conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and possessing and brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). [1] *Roselien v. United States*, No. 16-cr-554, 2023 WL 2760530

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

(E.D.N.Y. Mar. 31, 2023).  As discussed below, we affirm the judgment of the district court because on this record Roselien knowingly and voluntarily waived his right to collaterally attack his conviction, the plea agreement was supported by valid consideration, and enforcing the collateral-attack waiver would not be manifestly unjust where the record establishes a different and valid predicate for the § 924(c) conviction.

In 2017, Roselien pleaded guilty pursuant to a plea agreement to two criminal charges: conspiracy to commit Hobbs Act robbery and using a firearm in furtherance of a crime of violence.  The plea agreement contained a waiver clause in which Roselien agreed:

> [N]ot to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 180 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn.

App'x 24.

In May 2018, the district court sentenced Roselien to 36 months on the Hobbs Act robbery conspiracy conviction and 84 months on the § 924(c)(1)(A) conviction, to be served consecutively. Roselien filed a timely appeal of that judgment, which this Court dismissed on the grounds that he waived his right to appeal in the plea agreement.

In 2019, the United States Supreme Court decided that the residual clause in 18 U.S.C. § 924(c)(3)(B), which defines "crime of violence" for purposes of § 924(c)(1)(A), was unconstitutionally vague. *United States v. Davis*, 588 U.S. 445, 448 (2019). Relying on that decision, Roselien filed a 28 U.S.C. § 2255 petition asking the district court to vacate his § 924(c)(1)(A) conviction. He argued, among other things, that after *Davis* the Hobbs Act conspiracy on which his § 924(c) conviction rested was an invalid predicate for that conviction.

The district court denied the petition in March 2023 based on Roselien's plea-agreement waiver of his right to collaterally-attack his conviction. *Roselien*, 2023 WL 2760530, at *3. Roselien timely appealed and moved for a certificate of appealability. We granted Roselien a certificate of appealability only on the question of whether his waiver of his right to collaterally-attack his conviction applies to his claim that his § 924(c) conviction is invalid after *Davis*.

4

We review whether a plea agreement collateral-attack waiver precludes a motion to vacate a conviction without deference to the district court's determinations. *Cook v. United States*, 84 F.4th 118, 121–22 (2d Cir. 2023). Subject to a number of exceptions, a waiver of the right to collaterally attack a conviction is presumptively enforceable. *Id.*

On appeal, Roselien contends that the collateral-attack waiver of the plea agreement is unenforceable for three reasons: he did not knowingly waive his right to challenge his § 924(c)(1)(A) conviction, the agreement was not supported by consideration, and enforcing the waiver would result in a complete miscarriage of justice. For the reasons stated below, we disagree.

As to the first point, Roselien contends that his plea was not knowing and voluntary because he pled guilty with the understanding that he could later challenge his conviction under § 924(c).[2] The record contradicts his claim and

---

[2] Importantly, Roselien does *not* contend that his guilty plea was unknowing and involuntary because he was misinformed as to the elements of § 924(c) and did not become aware of his misapprehension until the United States Supreme Court's decision in *Davis*. To the contrary, he argues that at the time he pled guilty, he was well aware of the possibility that the Supreme Court might issue a decision undermining the validity of his § 924(c) conviction. He asserts that he misunderstood whether he could appeal or collaterally challenge his conviction, not the state of play with respect to the elements of the crimes charged. These facts distinguish this case from *Bousley v. United States*, 523 U.S. 614, 619 (1998) and *United States v. Balde*, 943 F.3d 73, 93–94 (2d Cir. 2019).

shows that Roselien knowingly waived his collateral-attack rights. A waiver is knowing if the defendant understood the consequences of the waiver. *United States v. Ready*, 82 F.3d 551, 556–57 (2d Cir. 1996). At the plea hearing, the district court confirmed that Roselien had read and reviewed the written plea agreement with his lawyer. That agreement specifically provided that he was waiving his right to appeal or collaterally attack his conviction. During Roselien's plea colloquy the district court specifically drew attention to the collateral-attack waiver and explained to Roselien that he would be giving up his right to collaterally attack "all or part of the sentence" that it imposed. App'x 45. The district court then confirmed that Roselien understood what that meant. And the district court asked Roselien if he had any questions relating to his rights, or anything else. Roselien said that he did not.

These facts are sufficient to conclude that Roselien knowingly waived his right to collaterally-attack his conviction. *See United States v. Morgan*, 386 F. 3d 376, 379 (2d Cir. 2004) (finding "no realistic possibility that [the defendant] might have misunderstood the nature or source of the waiver" after the magistrate judge specifically stated its consequences); *cf. Ready*, 82 F.3d at 557–58 (concluding that the defendant did not knowingly waive his right to appeal in part because when

6

the district court listed the rights the defendant was waiving the district court did not mention or explain the consequences of waiving the right to appeal).

Our conclusion in this regard is not undermined by Roselien's counsel's statements at sentencing regarding his communications with Roselien about developing Supreme Court caselaw. The statements were equivocal at best and were made six months after Roselien's guilty plea. Counsel even acknowledged the possibility of Roselien seeking to withdraw his plea; Roselien never sought to do so. Nothing about these post-plea statements of counsel undermines the conclusion that Roselien knowingly entered into a plea agreement that included a collateral-attack waiver.

Next, the plea agreement is not invalid due to lack of consideration. *See United States v. Brunetti*, 376 F.3d 93, 95 (2d Cir. 2004) (recognizing that a guilty plea can be challenged based on lack of consideration). In exchange for pleading guilty and waiving his right to appeal, Roselien secured an agreement from the government that it would not challenge the three-point reduction in the Sentencing Guidelines calculation to account for Roselien's acceptance of responsibility; it would not prosecute him for a number of additional robberies and associated § 924(c) charges, including those arising from crimes that Roselien

admitted committing; it would take no position on where within the Guidelines range Roselien's sentence should fall; and it would not move for an upward departure. The record does not support Roselien's argument that the plea agreement lacked consideration.

Finally, this case does not portend a complete miscarriage of justice. In *Cook*, we held that a collateral-attack waiver bars a challenge to a § 924(c) conviction predicated on an act that is not a "crime of violence" if the record establishes a different and valid predicate for it. *Cook*, 84 F.4th at 125 n.4. In addition to pleading guilty to *conspiracy* to commit Hobbs Act robbery in connection with the Mill Park Pharmacy robbery, Roselien admitted to committing a *substantive* Hobbs Act robbery of that pharmacy. He also admitted to committing additional substantive Hobbs Act robberies of pharmacies, each involving brandishing a gun. Substantive Hobbs Act robbery under 18 U.S.C. § 1951 remains a valid predicate for a § 924(c)(1)(A) conviction even after *Davis*. So, as in *Cook*, we decline to invalidate the collateral-attack waiver as a complete miscarriage of justice.

Roselien highlights several other considerations to support his miscarriage-of-justice argument. The first two—that the plea agreement lacks valid consideration and Roselien was under the impression that he would be able to

challenge his § 924(c) conviction—fail for the reasons stated above. The third—that the district court vacated his co-defendant's sentence—also does not give rise to a miscarriage of justice that warrants voiding his appeal waiver. His co-defendant pleaded guilty without a plea agreement. Consequently, he did not waive his right to collaterally attack his conviction. Like his co-defendant, Roselien had the option to plead guilty without a plea agreement, but he chose not to do so. Even assuming that this Court recognizes that a miscarriage of justice renders a waiver unenforceable, we are bound by *Cook*'s holding that enforcing the waiver in these circumstances does not amount to a miscarriage of justice.

\* \* \*

We have considered Roselien's remaining arguments and conclude that they are without merit. Accordingly, the District Court's judgment is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9