23-8005-cr
*United States v. Ray*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

  v.                   23-8005-cr

FRANKLIN RAY,

    *Defendant-Appellant*,

JOSEPH WINGET,

    *Defendant.*[*]

---

FOR APPELLEE:       MATTHEW WEINBERG, Assistant United States Attorney (Andrew Rohrbach, Assistant United States Attorney, *on the brief*), *for* Danielle R.

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

Sassoon, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT: BENJAMIN SILVERMAN, Law Offices of Benjamin Silverman PLLC, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on November 28, 2023, is **AFFIRMED**.

Defendant-Appellant Franklin Ray appeals from the district court's judgment of conviction following his guilty plea, pursuant to a plea agreement, to five charges in a superseding information. Ray was charged with one count of wire fraud and committing an offense while on release in a pending criminal case, in violation of 18 U.S.C. §§ 1343, 3147 ("Count One"); three counts of wire fraud, in violation of 18 U.S.C. § 1343 ("Counts Two, Three, and Four"); and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), (b) ("Count Five"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

The convictions arise from Ray's participation in fraud schemes, between 2020 and 2022, in connection with his control of two purported trucking companies, CSA Business Solutions LLC ("CSA") and REM Enterprizes Inc. ("REM"). Although Ray exercised actual operational control over these companies, he was not the legal owner. Ray's co-defendant, Joseph Winget, was the legal owner of CSA and an unnamed, uncharged individual ("Individual-1") was the legal owner of REM. As relevant to this appeal, Ray used REM to fraudulently obtain funds from the Small

Business Administration. This conduct formed the basis for Counts Four and Five. As to Count Four, Ray engaged in wire fraud by procuring over $800,000 in loans from the Economic Injury Disaster Loan program and the Paycheck Protection Program through applications that contained, *inter alia*, forged bank account statements and false IRS filings. As to Count Five, aggravated identity theft, Ray—acting alone—used Individual-1's name, driver's license, and social security number on the loan applications that were used to commit the above-referenced wire fraud.

On appeal, Ray challenges his conviction only on Count Five. He argues that, in light of *Dubin v. United States*, 599 U.S. 110 (2023), which was decided after he pled guilty but before he was sentenced, his plea was not knowing and voluntary and lacked a factual basis, in violation of Federal Rule of Criminal Procedure 11 and the Due Process Clause. In particular, Ray argues that "[u]nder *Dubin*, to convict someone under 18 U.S.C. § 1028A, it is not enough to prove that they used another person's 'means of identification' merely to facilitate a fraudulent scheme," but rather the statute "requires that using the other person's identity be at 'the crux' of what makes the fraud illegal, and itself deceptive." Appellant's Br. at 2–3 (quoting *Dubin*, 599 U.S. at 131–32). According to Ray, because his use of Individual-1's identification was not at the crux of what made his conduct with respect to the loan applications fraudulent, his allocution at the guilty plea proceeding and the evidence in the record did not provide a sufficient factual basis for an aggravated identity theft conviction, and the district court could not accept his guilty plea and enter judgment on Count Five without ensuring that Ray knew the elements of the charge as articulated in *Dubin*.

Ray acknowledges that he failed to preserve any Rule 11 error in the district court but urges us to conclude that the district court committed plain error. The government, however, argues that

3

plain error review is unavailable to Ray because he waived his *Dubin* argument in the district court and, thus, he cannot raise that claim on appeal. We agree with the government.

"While we have discretion to consider forfeited arguments, a waived argument may not be revived." *Doe v. Trump Corp.*, 6 F.4th 400, 410 n.6 (2d Cir. 2021); *see United States v. Yu-Leung*, 51 F.3d 1116, 1121 (2d Cir. 1995) ("[F]orfeiture does not preclude appellate consideration of a claim in the presence of plain error, whereas waiver necessarily extinguishes the claim altogether." (internal quotation marks and citation omitted)). "Forfeiture occurs when a defendant, in most instances due to mistake or oversight, fails to assert an objection in the district court." *United States v. Spruill*, 808 F.3d 585, 596 (2d Cir. 2015). Waiver, on the other hand, occurs when there has been an "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks and citations omitted); *see Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010) (describing waiver as a "voluntary" and "aware[]" decision). "We will infer a waiver only where the parties were aware of their rights and made the conscious choice, for whatever reason, to waive them." *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 136 (2d Cir. 2014) (internal quotation marks and citation omitted). "We have identified waiver where a party asserts, but subsequently withdraws, an objection in the district court." *Spruill*, 808 F.3d at 597. "We have also recognized waiver where a party makes a tactical decision not to raise an objection." *Id.* (internal quotation marks and citation omitted).

The circumstances here demonstrate that Ray acted intentionally in declining to pursue his *Dubin* argument in the district court, which is the sole basis for his Rule 11 challenges on appeal. In his initial sentencing submission, Ray asked the district court to "consider vacating Mr. Ray's conviction on Count 5 in this matter in light of the Supreme Court's recent decision in *Dubin v. United States*." Joint App'x at 116 (italics added). In that submission, as on appeal, Ray argued

4

that his use of Individual-1's personal identifying information in the fraudulent loan applications was not at the crux of what made those applications fraudulent, and therefore, that information was not used in relation to his wire fraud scheme. However, Ray unequivocally withdrew this argument six days later. In his supplemental sentencing submission, Ray acknowledged his prior request that the district court vacate his conviction on Count 5 in light of *Dubin* and then abandoned it, stating, "[a]fter discussions with the Government, the Defendant wishes to clarify that we are NOT moving to withdraw or vacate Mr. Ray's plea with respect to Count 5, and Mr. Ray maintains his position that he is guilty of Count 5 as agreed to in the plea agreement." *Id.* at 144. Ray's "assert[ion], but subsequent[] withdraw[al]" of the *Dubin* argument before the district court is sufficient for us to conclude that Ray waived the argument. *Spruill*, 808 F.3d at 597.

Moreover, the intentional relinquishment of the *Dubin* argument prior to sentencing was undoubtedly tactical. As the government notes and Ray does not dispute, "[h]ad Ray obtained vacatur of the conviction on Count Five, . . . he would have been in breach of his plea agreement, and the Government could have reinstated the original indictment." Appellee's Br. at 16. That indictment contained another aggravated identity theft charge. If Ray's *Dubin* challenge were unsuccessful and he were convicted of both counts, the district court, in its discretion, could impose consecutive 24-month sentences on each count. 18 U.S.C. § 1028A(b)(4). Ray thus opted to end his effort to seek vacatur of Count Five in light of *Dubin*, which would have resulted in his need to negotiate a new plea or proceed to trial on the remaining counts in the indictment, even if his challenge to Count Five (and the second aggravated identity theft count) was ultimately successful. He instead decided to proceed to sentencing, which resulted in him receiving a sentence at the bottom of the Guidelines range calculated by the plea agreement.

5

Under these circumstances, Ray made a "tactical decision" and "acted intentionally in pursuing, [and then] not pursuing" a vacatur of Count Five under *Dubin*. *Spruill*, 808 F.3d at 597. Ray's intentional choice not to pursue a *Dubin* argument at sentencing constitutes waiver, and this "waiver applies with even more force when, as in this case, [Ray] not only failed to object to what [he] now describe[s] as error, but [he] actively solicited it, in order to procure a perceived sentencing benefit." *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007); *see also United States v. Wells*, 519 U.S. 482, 488 (1997) ("[A] party may not complain on appeal of errors that he himself invited or provoked the district court to commit." (alterations adopted) (internal quotation marks and citation omitted)); *United States v. Madrid*, No. 23-6770, 2025 WL 547665, at *2 (2d Cir. Feb. 19, 2025) (summary order) (finding waiver of ineffective assistance claim on appeal because "[b]y persisting in their guilty pleas despite having raised ineffective assistance claims against their prior counsel, [the defendants] made a deliberate choice to abandon those claims"); *United States v. Martin*, No. 23-6091, 2024 WL 5001844, at *2 (2d Cir. Dec. 6, 2024) (finding waiver of an appellate argument that the defendant's plea was involuntary where the defendant had "affirmatively informed the [district c]ourt, through [a letter from] new counsel, that he did not wish to withdraw his plea"), *cert. denied*, No. 24-6753, 2025 WL 1020425 (Apr. 7, 2025). In sum, as to the Rule 11 challenges raised by Ray, which are the only grounds for appeal and are all based on *Dubin*, we conclude that review is unavailable.

Ray's arguments to the contrary are unavailing. For instance, to the extent Ray argues that "any waiver of the rights raised in this appeal [is] unenforceable as a policy matter" because waiver would result in Ray's "convict[ion] of a crime that he did not commit," we disagree. Appellant's Br. at 36–37. As set forth above, prior to sentencing, Ray understood, and indeed initially pressed, his right to challenge his guilty plea to Count Five under *Dubin*. And yet he nevertheless explicitly

6

withdrew that challenge for his own strategic benefit and reasserted "his position that he is guilty of Count 5 as agreed to in the plea agreement." App'x at 144. Thus, even assuming that there may be a limited class of cases where enforcing a waiver may be a miscarriage of justice or could "irreparably discredit the federal courts," *United States v. Mezzanatto*, 513 U.S. 196, 204 (1995) (internal quotation marks, citation, and alteration omitted), this is not one of them. *See Cook v. United States*, 84 F.4th 118, 125 n.4 (2d Cir. 2023) ("This case does not require us to decide whether a collateral-attack waiver would be unenforceable in the event of a complete miscarriage of justice." (internal quotation marks and citation omitted)).

We are similarly unpersuaded by Ray's contention that his counsel's waiver of his *Dubin* argument is invalid because this type of action required a personal waiver from Ray, rather than a waiver through counsel, and because his counsel effectuated the waiver without his knowledge or consent. To be sure, "[f]or certain fundamental rights, the defendant must personally make an informed waiver," but for others, "waiver may be effected by action of counsel." *New York v. Hill*, 528 U.S. 110, 114 (2000). Here, the decision as to whether or not to pursue a legal challenge to a guilty plea prior to sentencing based upon intervening case authority falls comfortably within the "strategic and tactical matters" that can be waived through counsel. *United States v. Plitman*, 194 F.3d 59, 63 (2d Cir. 1999); *see Spruill*, 808 F.3d at 597 n.8 ("[M]ost waivers are effected through counsel."). In fact, we have previously found waiver based on a filing made by a defendant's counsel before sentencing purporting to withdraw the defendants' challenge to his guilty plea. *See Martin*, 2024 WL 5001844, at *2.

Finally, to the extent Ray argues his counsel withdrew the *Dubin* argument without his consent, Ray "may have a Sixth Amendment claim for ineffective representation," which he can pursue in a petition under 28 U.S.C. § 2255. *Spruill*, 808 F.3d at 597 n.8. But his counsel's actions

are "no less a 'true waiver,' merely because [Ray] may subsequently claim ineffective assistance of counsel." *Id*. at 600.

*       *       *

We have considered Ray's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court